IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LAMAR C. CHAPMAN III,                    )
                                         )
                    Plaintiff,           )
                                         )
          v.                             )    No.  08 C 6991
                                         )
PEOPLE OF THE STATE OF ILLINOIS,         )
et al.,                                  )
                                         )
                    Defendants.          )

## MEMORANDUM OPINION AND ORDER

This action by pro se plaintiff Lamar Chapman III

("Chapman"), tendered originally to the United States District

Court for the Central District of Illinois on November 6, 2008

(see that Court's Dkt. No. 1), was transferred to this District

Court for the reasons stated in two orders by Honorable Jeanne

Scott, the first issued November 7 (Dkt. No. 3) and the second

issued December 5 (Dkt. No. 7):

> This matter is before the Court on the Motion for Leave
> to Proceed in Forma Pauperis (d/e 1) filed by Plaintiff
> Lamar C. Chapman III.  Petitioner's Motion is
> incomplete in that it does not sufficiently explain his
> past income and whether he has joint ownership of any
> assets.  Plaintiff states that his wife pays $335.00 a
> month in real estate taxes on the property in which he
> lives.  Plaintiff does not state who owns this
> property.  He also fails to list his monthly income
> from his prior employment.  THEREFORE, Petitioner's
> Application (d/e 1) is DENIED.  The Court notes,
> however, that a review of the Plaintiff's supporting
> documentation suggests that the proper venue for this
> suit is the Northern District of Illinois.  The events
> at issue appear to have taken place within the Northern
> District of Illinois, and all the parties appear to be
> from the Northern District of Illinois.  Plaintiff
> explained that he seeks to file in the Central District
> of Illinois because the proposed defendant, the State

of Illinois, is situated in this District, but the
State of Illinois is situated in all Districts in
Illinois. Thus, if Plaintiff wishes to refile an
application to proceed in forma pauperis, he should
file in the Northern District of Illinois.

\* \* \*

The Court has reviewed the Complaint (d/e 7) in this
case and sua sponte finds that the proper venue for
this matter is the Northern District of Illinois. The
events at issue appear to have taken place within the
Northern District of Illinois, and all the parties
appear to be from the Northern District of Illinois.
Plaintiff explained that he filed in the Central
District of Illinois because the proposed Defendant,
the State of Illinois, is situated in this District,
but the State of Illinois is situated in all Districts
in Illinois. THEREFORE, this case is transferred to
the Northern District of Illinois.

This Court then received the following one-sentence notification

that the case had been assigned at random to its calendar:

The above case has been electronically transferred to
this court and is available in the CM/ECF database.

That communication triggered this Court's recollection of

having dealt with a case brought by Chapman many years ago, and

so it first printed out the docket reflecting the handling of the

current case in the Central District (including the two earlier-

quoted orders), and it then obtained both the Clerk's Office copy

of the current "Civil Rights Complaint" and some background

material on Chapman's prior history in this judicial district.

In the latter respect this Court learned that over six years ago

this District Court's Executive Committee had entered a

September 17, 2002 order in Case No. 02 C 6581 that enjoined

2

Chapman "from filing any new civil action or proceeding in the United States District Court for the Northern District of Illinois without first obtaining leave by way of...procedures" spelled out in that order. Then earlier this year the Executive Committee issued the attached June 16 order that imposed a totally restrictive curb that barred Chapman's filing of <u>any</u> new lawsuits here.

It is obvious that Chapman's frivolous effort to bring this action in the Central District on the premise that "defendant People of the State of Illinois is first situated in this [that is, the Central] judicial district and in Sangamon County, Illinois"[1] was an attempted end run around the Executive Committee's June 16 order. If Chapman had tendered his proposed Complaint to the Clerk's Office here, that order would have obligated it to trash the submission. This Court, like Chapman, is also duty bound to comply with the June 16 order, and it therefore dismisses both the Complaint and this action.

It is worth noting parenthetically that although Chapman submitted the Complaint to the Central District just under two years after the state court trial and conviction about which he

---

[1]  Quite apart from the patent absurdity of attempting to rely on that premise when the State of Illinois has sovereign immunity under the Eleventh Amendment and would therefore be entitled to an immediate dismissal from the case, all 11 of the other named defendants--comprising Cook County, the Circuit Court of Cook County and nine individuals--are sited in this judicial district.

3

complains, obviously reflecting his concern about being barred by the two-year statute of limitations applicable to Illinois-based 42 U.S.C. §1983 actions, that concern has failed to take into account the principle set out in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994)(footnote omitted):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. Thus, when a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

No effort has of course been made here to parse all the federal and state theories set out by Chapman in the Complaint's 104 paragraphs, but the language that has just been quoted certainly bears on the principal gravamen of his attempted lawsuit.

Milton I. Shadur
Senior United States District Judge

Date: December 15, 2008

4

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In the Matter of        )
                        )     Civil Action No.
Lamar Chapman III     )     02 C 6581
    Plaintiff, *pro se*   )

## EXECUTIVE COMMITTEE ORDER

IT APPEARING THAT on September 17, 2002, an Executive Committee order was entered, limiting filings by Mr. Lamar Chapman III, and

IT FURTHER APPEARING THAT on June 5, 2008, Mr. Chapman submitted documents for filing, and

IT FURTHER APPEARING That at its meeting of June 16, 2008, the Executive Committee considered and denied Mr. Chapman leave to file the above-referenced documents, now therefore

IT IS HEREBY ORDERED That Mr. Lamar Chapman's filing practices have become burdensome to the Executive Committee, consuming resources of the Court and the clerk's office, and

IT IS FURTHER ORDERED That the clerk is directed to destroy any papers submitted either directly or indirectly by or on behalf of Lamar Chapman. Cases in existence prior to the entry of this order are not affected by this order and shall proceed as usual, and

IT IS FURTHER ORDERED That Lamar Chapman is authorized to submit to this court, no earlier than six months from the date of this order, a motion to modify or rescind this order, and

IT IS FURTHER ORDERED That the Clerk shall cause a copy of this order to be mailed to Mr. Lamar Chapman at P.O. Box 5232, Oak Brook, IL 60523-5232, the address given by Mr. Chapman in papers filed on June 5, 2008. Such mailing shall be by certified or registered mail, return receipt requested.

ENTER:

### FOR THE EXECUTIVE COMMITTEE

James F. Holderman
Chief Judge

Dated at Chicago, Illinois this 16th day of June, 2008